15 CV 000466

FILED
2015 APR 15 AM 10: 37
ORANGE CO., C.S.C.
BY

North Carolina  
Orange County

In the General Court of Justice  
Superior Court Division

Geary Blackwood

    Plaintiff

v.

CASE Construction Equipment Inc.,  
Case, LLC, CNH America, LLC,  
CNH Industrial America, LLC, Case IH,  
Case IH Agricultural Equipment, INC.,  
CNH Industrial, CNH Industrial N.V.  
and, Hills Machinery Company, LLC

    Defendant

15 CvS _____

## COMPLAINT

NOW COMES THE PLAINTIFF, Geary Blackwood (sometimes hereinafter "Plaintiff" or "Blackwood") complaining of the Defendants, CASE Construction Equipment Inc., Case, LLC, Case IH Agricultural Equipment, INC., CNH America, LLC, CNH Industrial America, LLC., Case IH, CNH Industrial, CNH Industrial, N.V. (sometimes hereinafter collectively referred to as "Case") and Defendant Hills Machinery Company, LLC (sometimes hereinafter referred to as "Hills") alleging and saying as follows:

### PARTIES

1. Blackwood, is a citizen and resident of Orange County, Chapel Hill, North Carolina.

2. Case is an international conglomerate with its worldwide headquarters in Basildon, Essex, United Kingdom and its American operation's principal location in Racine, WI, that is in the business of manufacturing and selling construction and farm equipment through various dealers including its dealer for new Case Construction Equipment in North Carolina, Hills.

3. Hills is a retailer of new and used construction equipment with multiple locations in North Carolina including Wake County, Raleigh, and is the new Case Construction Equipment dealer for North Carolina.

## FACTS

4. On or about July 9 or 10, 2013 Hills sold to Blackwood and Blackwood purchased from Hills a Case TK 320 loader VIN JAFTR320CCM462655 (hereinafter "Case TK 320"), manufactured and assembled by Case, which was intended for year-around use including use during times of cold weather and came equipped with a heated seat.

5. Blackwood is in the business of clearing and grading property and purchased the Case TK 320 for that purpose. Blackwood uses the Case TK 320 for its intended purpose year-round including during times of cold weather.

6. The seat of the Case TK 320 is heated through various wires in the seat that provide warmth when an electric current is applied. The heated seat is intended to provide warmth without burning the person occupying the seat.

7. On February 19, 2014 Blackwood was using the Case TK 320 to clear land. The weather was cold and he turned on the heated seat. He operated the Case TK 320 for about four hours with the heated seat on. When he finished using the Case TK 320 his buttocks were severely burned from the excessive heat put out by the heated seat.

## PRODUCT LIABILITY CLAIMS

8. BREACH OF IMPLIED WARRENTY: Defendants collectively and individually have breached their implied warranties of merchantability of the Case TK 320 and its use including its use with the heated seat engaged as follows [N.C.G.S. §25-2-314, Dewitt v. Eveready Battery Co., INC., 355 N.C. 672, 565 S.E.2d 140 (2002)]:

    a. The Case TK 320 and all of its component parts including its heated seat as referenced above was subject to an implied warranty of merchantability;

2

b. The Case TK 320 did not comply with the warranty in that the heated seat was defective at the time of sale;

c. The Plaintiff was injured due to the defective nature of the Case TK 320 heated seat; and,

d. The Plaintiff sustained damage as a result of the defective nature of the Case TK 320 heated seat.

9. INADEQUATE WARNING OR INSTRUCTION: The Defendants collectively and individually acted unreasonably in failing to provide such warning or instruction regarding the use of the Case TK 320 heated seat and such was a proximate cause of the injury and damage sustained by the Plaintiff, and (either a. or b.) [N.C.G.S. §99B-5(a)(1)(2)];

a. At the time the Case TK 320 left the control of Case and/or Hills, the Case TK 320, without an adequate warning or instruction, created an unreasonably dangerous condition that Case and/or Hills knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to Plaintiff, a reasonably foreseeable claimant; or,

b. After the Case TK 320 left the control of Case and/or Hills, Case and/or Hills became aware of or in the exercise of ordinary care should have known that the Case TK 320 heated seat posed a substantial risk of harm to Plaintiff, a reasonably foreseeable user or consumer, and failed to take reasonable steps to give adequate warning or instruction or to take other reasonable action under the circumstances.

10. INADEQUATE DESIGN; Case, at the time of the manufacture of the Case TK 320 acted unreasonably in designing the heated seat, that this conduct was a proximate cause of the harm for which Blackwood seeks damages and any one of the following existed [N.C.G.S. §99B-6]:

a. At the time the Case TK 320 and its heated seat left the control of Case, Case unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design that could then have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the Case TK 320 and its heated seat.

3

b. At the time the Case TK 320 and its heated seat left the control of Case, the design of the Case TK 320 and its heated seat was so unreasonable that a reasonable person, aware of the relevant facts, would not use a product of this design.

## PROXIMATE CAUSE

11. Defendants' conduct as alleged above is a proximate cause of injury and damage to Blackwood.

## DAMAGES

12. Blackwood has been injured and damaged both generally and specially as a result of the burns he sustained growing out of the events and conduct alleged above as follows:

    a. He has incurred medical expenses:

    b. He has endured pain and suffering.

    c. He has scars and disfigurement.

    d. He has incurred property damage.

    e. He has lost income.

    f. His damages are permanent.

    g. He is entitled to recover those damages by law allowed and as set out in N.C.P.I. Civil 106.00, 106.02, 106.04, 106.06, 106.08, 106.10, and 106.14 which are incorporated by reference as if fully set forth.

    h. Such other injures as may be proved upon the trial of the action.

## DEMAND

13. Blackwood demands relief for damages incurred or to be incurred in excess of ten thousand dollars ($10,000.00).

## PRAYER

WHEREFORE, Blackwood prays judgment of the Court as follows:

1. That he have and recover of the Defendants, jointly and severally, relief for damages incurred or to be incurred in excess of ten thousand dollars ($10,000.00).

2. That he have a jury trial on all issues triable by a jury.

3. That the Court receive this verified Complaint for all purposes for which the Court receives an affidavit.

4. For such other and further relief as the Court may deem just and proper.

This the 31st day of March 2015.


Bill Faison Attorney, PLLC.

By: _____
Bill Faison, N.C. State Bar No. 1406
5517 Durham Chapel Hill Blvd., Suite 1000
Durham, NC 27707

Tel: 919.489.9001
Fax 919.489.5774

Bill@BillFaisonLaw.com

5

## VERIFICATION

The undersigned Geary Blackwood first being duly sworn verifies that he has read the foregoing Complaint and the matters set forth therein are true of his own knowledge except as to those matter set forth on information and belief and as to those he believes them to be true.

This the 26th day of March 2015.

*Geary Blackwood*
Geary Blackwood

North Carolina
Durham County

Geary Blackwood appeared before the undersigned Notary Public to whom he is known and who further established his identify by examining his NC driver's license, and in the presence of the undersigned notary executed and acknowledged the due execution of the foregoing.

This the 26th day of March 2015

*Mary C Powell*
Notary Public                                SEAL

My Commission Expires: 03/03/2017